**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA NORTHERN DIVISION**

| | | |
|---|---|---|
| JEMOND D. MABRY, AIS# 209865, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 05-0129-CG-D |
| WARDEN C. DAVENPORT, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. Complaint (Doc. 12).[1]**

Plaintiff names as defendants Dawayne Eskridge and Mike Hitchock, supervisors at his employer, Cahaba Valley Lumber, and C. Davenport, warden at Camden Work Release. Plaintiff alleges the following concerning the injury to hand. On August 10, 2004, at about 9:15 a.m., plaintiff's hand became trapped when he tried to free a machine that was clogged with sawdust. It was five to seven minutes before the maintenance crew appeared and released his hand. His hand was wrapped in

[1]The complaint before the Court is a court-ordered, superseding, amended complaint.

ice until he could see the company doctor who said the skin was severely traumatized and prescribed an unidentified medicine. Plaintiff returned to work release at the regular time, 4:00 p.m, and then later that night he asked an officer for an injury report.

Plaintiff continued to work his job the rest of the week. While at work on August 11 and 12, he asked defendants Eskridge and Hitchock about his medicine, but they did not want to talk about the medicine. On August 13, plaintiff was notified at work that his employer wanted the work release inmates to work on Saturday, August 14; however, plaintiff's hand was now stiff and in pain. He asked defendants Eskridge and Hitchock if he could be off on Saturday because he was in pain and did not have his medicine. They said he could and they would call work release to have plaintiff's name taken off the list of inmates working on Saturday.

On Saturday, at work release plaintiff was told that he had to go work so he went. When plaintiff questioned defendant Eskridge, he was told to do what defendant Hitchock said to do. Thus, plaintiff told the van driver to have work release send a van because he did not have to work that Saturday. When plaintiff returned to work release, he had to sit at the officer station because he had refused to work. Later in the day, work release received a faxed statement from defendant Hitchock stating that he had told plaintiff to take off but he still had work for plaintiff to do. Thus, plaintiff was found guilty of refusing to work.

Plaintiff's claim against all three defendants is for medical indifference. Plaintiff claims defendants Eskridge and Hitchock were responsible for getting his medication, and defendant Davenport is responsible for assuring plaintiff is in good health. For relief, plaintiff seeks recovery of court costs and lost wages.

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v.*

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

*Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

**III. Discussion.**

**A. Claims Against Defendants Eskridge and Hitchock**.

Plaintiff identifies defendants Eskridge and Hitchock as being supervisors at Cahaba Valley Lumber. Plaintiff does not indicate that they were employed by the state, nor do they appear to be typical state actors. Rather, they appear to be private individuals.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. *National Broadcasting Co., Inc. v. Communication Workers of America, AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988) (footnote omitted). The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." *NBC*, 860 F.2d at 1026 (citations omitted). The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC*, 860 F.2d at 1026 (citations omitted). The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *NBC*, 860 F.2d at 1026-27 (citations omitted).

*Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir.), *cert. denied*, 510 U.S. 976, 114 S.Ct. 468, 126 L.Ed.2d 420 (1993). In the action at hand, plaintiff's allegations do not

evince that defendants Eskridge and Hitchock acted under color of state law because there are no allegations indicating that they performed a traditional state function, they were coerced by the state, or they were joint participants with the state in business. For this reason, the court concludes that plaintiff's claims against defendants Eskridge and Hitchock are due to be dismissed for failure to state a claim upon which relief can be granted.

**B. Claim Against Defendant Davenport.**

Plaintiff alleges that it was defendant Davenport's responsibility to make sure that he was in good health. Except for this allegation, there is no other reference to defendant Davenport in plaintiff's description of his claims. In a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). In the present action, defendant Davenport's only alleged involvement is that he is responsible for plaintiff's health. Whereas, in order for an inmate to state a medical claim against a state official, he must allege "acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Because plaintiff has failed to make the necessary showing, he has failed to state claim upon which relief may be granted against defendant Davenport.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with

prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE and ORDERED** this 12th day of October, 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**